**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-7756

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

QUINCY LAMONT SALLIEY,

                Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Richard D. Bennett, District Judge.
(1:10-cr-00298-RDB-1; 1:13-cv-01443-RDB)

Submitted:  April 23, 2015          Decided:  April 27, 2015

Before SHEDD, DUNCAN, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Quincy Lamont Salliey, Appellant Pro Se.   Benjamin M. Block,
OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quincy Lamont Salliey seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on August 4, 2014. The notice of appeal was filed on December 1, 2014.[1] Because Salliey failed to file a timely notice of appeal

---

[1] In accordance with Fed. R. App. P. 4(c)(1) and Houston v. Lack, 487 U.S. 266 (1988), an incarcerated inmate's notice of appeal is deemed "filed" when deposited into the institution's mail system. To demonstrate timely filing, the notice must either be notarized or sworn to in accordance with 28 U.S.C. § 1746 (2012). Fed. R. App. P. 4(c)(1). Here, Salliey failed to date his notice of appeal or include a certificate of service. The envelope also fails to identify a postmark date or the date Salliey delivered it to prison officials for mailing. Finally, Salliey does not provide the date he filed his notice of appeal in his informal brief. Under these circumstances, we are confined to the date the district court filed the notice of appeal.

2

or to obtain an extension or reopening of the appeal period, we dismiss the appeal.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

[2] Although Salliey alleged in his notice of appeal that he filed a motion for reconsideration that is still pending in the district court, this assertion is belied by the record.

3